**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CLIFFORD G. MARTIN, Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY,<br><br>　　　　　　　　　　Defendant. | Civ. No. 2:33-cv-4566<br>Hon. Esther Salas, U.S. D.J.<br>Hon. Joseph A. Dickson, U.S.M.J |

**DECLARATION OF BRIAN C. KERR IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF PROPOSED <u>CLASS ACTION SETTLEMENT</u>**

I, Brian C. Kerr, hereby declare as follows:

1.　I am 18 years of age and am competent to testify to the matters and facts hereinafter set forth. I am a Director at the law firm of Brower Piven, A Professional Corporation ("Brower Piven") counsel for Plaintiff ("Plaintiff's Counsel") in the above-captioned action ("Action").

2.　I respectfully submit this Declaration in support of Plaintiff's motion for: (1) Preliminary Approval of the Settlement ("Settlement") of the Action; (2) Preliminary Certification of the Class for Purposes of Settlement[1]; (3) Approval of Notice to the Class; and

---

[1] The proposed class ("Class") is defined as:

> any and all record holders and beneficial owners of ordinary shares of Warner Chilcott (which are traded on the NASDAQ) who held such shares at any time during the period beginning on February 1, 2012 through and including October 1, 2013 (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors,

(4) Scheduling of a Final Approval Hearing. I make this Declaration based upon my personal knowledge.

3.  This Declaration provides a detailed factual background of the various events in the Action to assist the Court in evaluating Plaintiff's motion for preliminary approval of the proposed Settlement.

4.  Attached hereto as Exhibit "A" is a true and correct copy of the Stipulation and Agreement of Compromise, Settlement and Release, dated April 29, 2014, in *Martin v. Warner Chilcott Public Limited Company*, Civ. No. 2:33-cv-4566-ES-MAH ("Stipulation" or "Settlement Agreement").

## BACKGROUND AND HISTORY OF THE TRANSACTION

5.  On May 20, 2013, Warner Chilcott Public Limited Company ("Warner Chilcott" or "Defendant") and Actavis, Inc. ("Actavis") announced that they had entered into an agreement ("Transaction Agreement") pursuant to which Actavis agreed to acquire (and ultimately acquired) Warner Chilcott in a stock-for-stock "scheme of arrangement" under Irish law, pursuant to which Warner Chilcott shareholders received 0.160 shares in a new holding company incorporated in Ireland for each Warner Chilcott share that they owned ("Transaction").

6.  On June 18, 2013, Actavis Limited filed a Registration Statement on Form S-4 with the United States Securities and Exchange Commission ("SEC"), which Form S-4 was amended and declared effective on July 31, 2013 ("S-4").

7.  The S-4 included a joint proxy statement of Actavis and Warner Chilcott and

---

representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors in interest, predecessors, successors in interest, successors, and assigns, but excluding (a) Warner Chilcott; and (b) any member of the class who has validly and timely requested exclusion from the class.

related public disclosures regarding the Transaction, which disclosures were provided to Warner Chilcott's shareholders in connection with the shareholder votes on, among other things, whether to approve the proposed Transaction and related matters.

8. On July 29, 2013, Plaintiff commenced the Action by filing a class action complaint, which (a) alleges, among other things, that Warner Chilcott violated the federal securities laws by issuing an S-4 that omits certain material information; and (b) sought, among other things, to enjoin the Transaction.

9. On July 31, 2013, Actavis and Warner Chilcott announced, among other things, that the S-4 had been declared effective and that Warner Chilcott had scheduled meetings on September 10, 2013 for shareholders to vote on, among other things, whether to approve the proposed Transaction and related matters.

10. On August 7, 2013, the parties executed an Agreed Confidentiality Stipulation and [Proposed] Protective Order to govern discovery in the Action, and, in response to requests by Plaintiff, Warner Chilcott produced to Plaintiff certain document discovery concerning the Transaction.

11. Throughout mid-August 2013, counsel for the parties engaged in arms'-length discussions regarding the allegations made by Plaintiff in the Action. In connection with such discussions and negotiations regarding a potential resolution of the Action, counsel to the parties negotiated various supplemental disclosures to be filed with the SEC by Warner Chilcott on a Current Report on Form 8-K.

12. On August 22, 2013, Warner Chilcott and Plaintiff entered into a memorandum of understanding ("MOU") setting forth the material terms of the Settlement, which included an

agreement by Warner Chilcott that it would make certain supplemental disclosures ("Supplemental Disclosures"), as reflected in Exhibit A to the Stipulation, in a Form 8-K filed with the SEC. Also on August 22, 2013, Warner Chilcott filed a Form 8-K with the SEC containing the Supplemental Disclosures.

13. The Supplemental Disclosures included, among other things:

- Details concerning Warner Chilcott and Actavis' prior dealings in the period that preceded the proposed Transaction.

- Disclosure of the details concerning Warner Chilcott's strategic review process that they conducted in early 2012, including, the nature of the market interest in acquiring the Company and the efforts made by the Company.

- Details concerning meetings that occurred between Warner Chilcott and Actavis during the period that led to the Proposed Transaction.

- Specific details concerning the risks to Warner Chilcott of remaining a stand alone business (and not selling itself to Actavis).

- Disclosure of the synergies available to Actavis in acquiring the Company.

- The specific companies selected by Deutsche Bank, which it presented to the Board, in its *Public Trading Comparable Analysis – Warner Chilcott*.

- The specific multiples observed by Deutsche Bank for each of the companies selected for its *Public Trading Comparable Analysis – Warner Chilcott*.

- The specific companies selected by Deutsche Bank, which it presented to the Board, in its *Public Trading Comparable Analysis – Actavis*.

- The specific multiples observed by Deutsche Bank for each of the companies selected for its *Public Trading Comparable Analysis – Actavis*.

- The breadth of analysts considered by Deutsche Bank in its analysis of *Analysts Price Targets – Warner Chilcott*.

- The selection criteria utilized by Deutsche Bank in its *Precedent Transaction Analysis*, including the timing, and size of the transactions as well as the specific industry of the selected precedent transactions.

- The specific multiples observed by Deutsche Bank for each of the transactions selected for its *Precedent Transaction Analysis*.

- The breadth of analysts considered by Deutsche Bank in its analysis of *Analysts Price Targets – Actavis*.

- The breadth of analysts considered by Deutsche Bank in its analysis of *Analysts Price Targets – Warner Chilcott*.

- Disclosure of Deutsche Bank's utilization of unaffected prices for its *Transaction Premia Analysis*.

- Disclosure of Deutsche Bank's *Illustrative Value Creation Analysis Based on Trading Multiples* relative to both Warner Chilcott and Actavis and the specific details relevant thereto.

- Disclosure of the specific implied multiples observed for each of the companies included in the *Selected Publicly Traded Companies Analysis – Warner Chilcott* conducted by BofA Merrill Lynch.

- Disclosure of the specific implied multiples observed for each of the companies included in the *Selected Publicly Traded Companies Analysis – Actavis* conducted by BofA Merrill Lynch.

- Disclosure of the specific financial information considered by BofA Merrill Lynch in its *Selected Precedent Transactions Analysis*.

- Disclosure of the specific Enterprise Value/LTM EBITDA observed by BofA Merrill Lynch for each of the transactions considered in its *Selected Precedent Transactions Analysis*.

- The specific EV/EBIDTA and Price to Earnings multiples observed by Greenhill for each of the companies selected for its *Selected Company Analysis*.

- The inputs utilized and considered by Greenhill in its *Precedent Transaction Analysis*.

- The specific multiples observed by Greenhill for each of the transactions selected for its *Precedent Transaction Analysis*.

- The specific transactions, their respective implied premiums, and the material details of the transactions considered by Greenhill in its *Premiums Paid Analyses*.

14. In addition, on August 22, 2013, a second purported shareholder of the Company

5

filed a putative class action lawsuit, captioned *Purnell v. Warner Chilcott Public Ltd. Co.*, Case No. 2.13-cv-5035-WJM-MF, asserting substantially identical claims as the previously filed *Martin* complaint. On August 26, 2013, the plaintiff in the *Purnell* litigation voluntarily dismissed that litigation.

15. On September 10, 2013, Warner Chilcott announced that its stockholders had approved the Transaction Agreement and the Transaction.

16. On October 1, 2013, Actavis and Warner Chilcott completed the Transaction and, as a result, Warner Chilcott became a wholly owned subsidiary of Actavis plc.

17. Following the execution of the MOU, Plaintiff's counsel conducted additional discovery to confirm the reasonableness of the terms of the parties' agreement, including taking the depositions of David A. Levin, a managing director of Deutsche Bank (Warner Chilcott's financial advisor in connection with the Transaction) and James H. Bloem, a former director of Warner Chilcott.

18. On April 29, 2014, the parties, through their respective counsel, executed the Settlement Agreement.

19. Prior to entering into the Stipulation, Plaintiff's counsel reviewed and analyzed the facts and circumstances relating to the claims asserted, as known by Plaintiff and his counsel to date, including conducting arm's-length discussions with Warner Chilcott's counsel, analyzing non-public documents produced by Warner Chilcott and documents obtained through public sources, applicable case law, and other authorities, consulting with an independent financial expert, and taking the depositions of Mr. Levin and Mr. Bloem. Based upon this investigation, Plaintiff decided to enter into the Stipulation and settle the Action after taking into

6

account, among other things, (i) that the litigation of the Action and the Settlement have delivered substantial benefits to the Class; (ii) the facts developed during discovery; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (iv) the probability of success on the merits and the allegations made by Plaintiff, including the uncertainty relating to proof of those allegations; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

\* \* \*

20. Given the substantial benefits conferred through the efforts of Plaintiff's Counsel and the numerous litigation risks and complexities Plaintiff would have confronted had the case been prosecuted to trial, I respectfully submit that the proposed Settlement is fair and reasonable, and should be preliminarily approved by the Court.

Executed this 28th day of May 2014, in New York, NY.



*/s/ Brian C. Kerr*
BRIAN C. KERR

**CERTIFICATE OF SERVICE**

I, Evan J. Smith, hereby certify that on May 28, 2014, I caused the foregoing to be served via ECF to all counsel of record.

/s/ *Evan J. Smith*
Evan J. Smith