RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SEP 0 8 2014

AT 8:30
WILLIAM T. WALSH
CLERK

CLIFFORD G. MARTIN, Individually and
on Behalf of All Others Similarly Situated,

               Plaintiff,

     .v.

WARNER CHILCOTT PUBLIC
LIMITED COMPANY, et al.,

               Defendant.

Civ. No. 2:13-cv-4566

Hon. Esther Salas, U.S. D.J.
Hon. Michael A. Hammer, U.S.M.J.

## NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION, SETTLEMENT HEARING, AND RIGHT TO APPEAR

*A Federal Court authorized this Notice. This is <u>not</u> a solicitation from a lawyer.*

TO:    ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF ORDINARY SHARES OF WARNER CHILCOTT PUBLIC LIMITED COMPANY ("WARNER CHILCOTT") WHO HELD SUCH SHARES AT ANY TIME DURING THE PERIOD BEGINNING ON AND INCLUDING FEBRUARY 1, 2012, THROUGH AND INCLUDING OCTOBER 1, 2013 (THE DATE OF THE CONSUMMATION OF THE ACQUISITION OF WARNER CHILCOTT BY ACTAVIS, INC. ("ACTAVIS")). PLEASE READ ALL OF THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE LEGAL PROCEEDINGS IN THIS ACTION.

IF YOU HELD OR TENDERED THE ORDINARY SHARES OF WARNER CHILCOTT FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER(S).

## PURPOSE OF NOTICE

The purpose of this Notice is to inform you of the proposed settlement (the "Settlement") of the above-captioned class action lawsuit (the "Action") pending in the United States District Court for the District of New Jersey (the "Court"). This Notice also informs you of the Court's preliminary approval of the Settlement and certification of the Class (as defined below) and notifies you of your right to participate in a hearing to be held on December 2, 2014, at 11:00 a.m. Eastern Time, at the District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room MLK 5A, Newark, NJ 07101 (the "Settlement Hearing"), to determine whether the Court should approve the Settlement as fair, reasonable, and adequate; and to consider other matters, including the payment of an award of attorneys' fees and expenses to Class Counsel (as defined below) as provided for in the Stipulation (as defined below).

This Notice also is to inform you of your right to exclude yourself from the Settlement, provided that you timely and validly submit a request for exclusion in accordance with the instructions set forth herein (a "Request for Exclusion").

The Court has determined that the Action shall be maintained, for settlement purposes only, as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), by plaintiff Clifford G. Martin ("Plaintiff") as class representative on behalf of a class (the "Class") consisting of any and all

WCMNOT1

record holders and beneficial owners of ordinary shares of Warner Chilcott (which are traded on the NASDAQ) who held such shares at any time during the period beginning on February 1, 2012 through and including October 1, 2013 (the date of consummation of the Transaction) (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors in interest, predecessors, successors in interest, successors, and assigns, but excluding (a) Warner Chilcott; and (b) any member of the class who has validly and timely requested exclusion from the Class.

The Court also has certified (i) Plaintiff as the representative of the Class; and (ii) the law firms Brower Piven, A Professional Corporation, and Brodsky & Smith, LLC as Class Counsel.

This Notice describes the rights you have under the Settlement and what steps you may, but are not required to, take in relation to the Settlement. If the Court approves the Settlement, the parties will ask the Court at the Settlement Hearing to enter an Order and Final Judgment dismissing the Action with prejudice on the merits. If you are a Class member, you will be bound by any judgment entered in the Action unless you submit a timely Request for Exclusion.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS OF THE COURT. IT IS BASED ON STATEMENTS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

## II.    BACKGROUND OF THE LITIGATION

On May 20, 2013, Warner Chilcott and Actavis announced that they had entered into an agreement (the "Transaction Agreement") pursuant to which Actavis agreed to acquire (and ultimately acquired) Warner Chilcott in a stock-for-stock "scheme of arrangement" under Irish law, pursuant to which Warner Chilcott shareholders received 0.160 shares in a new holding company incorporated in Ireland for each Warner Chilcott share that they owned (the "Transaction").

On June 18, 2013, Actavis Limited filed a Registration Statement on Form S-4 with the United States Securities and Exchange Commission (the "SEC"), which S-4 was amended and declared effective on July 31, 2013 (the "S-4"). The S-4 included a joint proxy statement of Actavis and Warner Chilcott and related public disclosures regarding the Transaction, which disclosures were provided to Warner Chilcott's shareholders in connection with shareholder votes on, among other things, whether to approve the proposed Transaction and related matters.

On July 29, 2013, Plaintiff commenced the Action by filing a class action complaint, which (a) alleges, among other things, that Warner Chilcott violated the federal securities laws by issuing an S-4 that omits certain material information; and (b) sought, among other things, to enjoin the Transaction.

On July 31, 2013, Actavis and Warner Chilcott announced, among other things, that the S-4 had been declared effective and that Warner Chilcott had scheduled meetings on September 10, 2013 for shareholders to vote on, among other things, whether to approve the proposed Transaction and related matters.

On August 7, 2013, the Parties executed an Agreed Confidentiality Stipulation and [Proposed] Protective Order to govern discovery in the Action, and, in response to requests by Plaintiff, Warner Chilcott produced to Plaintiff certain document discovery concerning the Transaction.

Throughout mid-August 2013, counsel for Plaintiff and Warner Chilcott engaged in arms'-length discussions regarding the allegations made by Plaintiff in the Action. In connection with such discussions and negotiations regarding a potential resolution of the Action, counsel to the Parties negotiated various supplemental disclosures to be filed with the SEC by Warner Chilcott on a Current Report on Form 8-K.

On August 22, 2013, Warner Chilcott and Plaintiff (together, the "Parties") entered into a memorandum of understanding (the "MOU") setting forth the material terms of the Settlement, which included an agreement by Warner Chilcott that it would make certain supplemental disclosures (the "Supplemental Disclosures") in a Form 8-K filed with the SEC.

Also on August 22, 2013, Warner Chilcott filed a Form 8-K with the SEC containing the Supplemental Disclosures.[1]

On September 10, 2013, Warner Chilcott announced that its stockholders had approved the Transaction Agreement and the Transaction.

On October 1, 2013, Actavis and Warner Chilcott completed the Transaction and, as a result, Warner Chilcott became a wholly owned subsidiary of Actavis.

Following the execution of the MOU, Class Counsel conducted additional discovery to confirm the reasonableness of the terms of the Parties' agreement, including the depositions of a managing director of Deutsche Bank (Warner Chilcott's financial advisory in connection with the Transaction) and a former member of the Warner Chilcott board of directors.

On April 29, 2014, the parties to the Action entered into a Stipulation and Agreement of Compromise, Settlement, and Release (the "Stipulation"), which sets forth the complete terms of the Settlement.

On July 15, 2014, the Court entered an order preliminarily approving the Settlement, certifying the Class for settlement purposes, certifying Plaintiff as the representative of the Class, certifying Class Counsel, setting a schedule for the Court's final review of the Settlement, and establishing customary notice and objection procedures for members of the Class.

## III.    THE SETTLEMENT

As a result of Plaintiff's prosecution and settlement of the Action, and in consideration for the full settlement and release of all Released Claims, Warner Chilcott included the Supplemental Disclosures in a Current Report on Form 8-K filed with the SEC on August 22, 2013.    Warner Chilcott acknowledges that the pendency and efforts to settle the Action were the sole causal factors underlying Warner Chilcott's decision to file with the SEC the Supplemental Disclosures.

## IV.    DISMISSALS AND RELEASES

The Stipulation provides that, subject to the approval of the Settlement by the Court, and pursuant to Federal Rule of Civil Procedure 23, for good and valuable consideration, the Action shall be dismissed on the merits with prejudice and against all members of the Class, and all Released Claims (as defined below) shall be completely, fully, finally, and forever dismissed, released, relinquished, settled, discharged, and dismissed with prejudice and without costs, as to all Released Parties.[2]

---

[1]  In addition, on August 22, 2013, a second purported shareholder of the Company filed a putative class action lawsuit, captioned Purnell v. Warner Chilcott Public Ltd. Co., Case No. 2.13-cv-5035-WJM-MF, asserting substantially identical claims as the previously filed Martin complaint.  On August 26, 2013, the plaintiff in the Purnell litigation voluntarily dismissed that litigation.

[2]  "Released Parties" means, whether or not any or all of the following persons or entities were named, served with process, or appeared in the Action: (i) Warner Chilcott Public Limited Company, James H. Bloem, Roger M. Boissonneault, John P. Connaughton, Paul Herendeen, Tamar D. Howson, John A. King, Patrick J. O'Sullivan, Deutsche Bank Securities Inc., Actavis Limited, Actavis, Inc., Bank of America Merrill Lynch, and Greenhill & Co.; (ii) any person or entity which is or was related to or affiliated with any or all of the foregoing or in which any or all of them has or had a controlling interest, and which is or was involved in the Transaction; and (iii) the respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents, subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, of each and all of the foregoing.

"Released Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including unknown claims, that Plaintiff or any or all other members of the Class ever had, now has, or may have, whether direct, derivative, individual, class, representative, legal, equitable or of any other type, or in any other capacity, based on his, her, or its ownership of Warner Chilcott ordinary shares during the Class Period, against any of the Released Parties (as defined above), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule, which arise out of, relate in any way to, or involve any of the actions, transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, that have been, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, the Action or the Transaction; provided, however, that the Released Claims shall not include the right to enforce the Stipulation or the Settlement.

The Stipulation provides that, subject to the approval of the Settlement by the Court, Warner Chilcott shall completely, fully, finally, and forever dismiss, release, relinquish, settle, and discharge Plaintiff and Class Counsel from all claims arising out of the commencement, prosecution, settlement, and resolution of the Action; provided, however, that such release does not include a release of the right to enforce the Stipulation or the Settlement.

If the Settlement becomes final, the releases will extend to any and all claims that Plaintiff or any other member of the Class do not know or suspect exist at the time of the Releases, including, without limitation, those which, if known, might have affected the decision to enter into or to object to the Settlement. Class members shall be deemed to have expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under any law that may have the effect of limiting the releases set forth above, including Section 1542 of the California Civil Code.[3]

If you fall within the Class definition and do not want to be barred from bringing a lawsuit concerning the Released Claims, you must exclude yourself from the Class and the Settlement by timely and validly submitting a Request for Exclusion in accordance with the instructions set forth in Section IX below.

## V.   REASONS FOR THE SETTLEMENT

Class Counsel have reviewed and analyzed the facts and circumstances relating to the claims asserted, as known by Plaintiff and his counsel to date, including conducting arm's-length discussions with Warner Chilcott's counsel, analyzing non-public documents produced by Warner Chilcott and documents obtained through public sources, applicable case law, and other authorities, consulting with an independent financial expert, and taking the depositions of described above. Based upon this investigation, Plaintiff decided to enter into the Stipulation and settle the Action after taking into account, among other things, (i) that the litigation of the Action and the Settlement have delivered substantial benefits to the Class; (ii) the facts developed during discovery; (iii) the attendant risks of continued litigation and the uncertainty of the outcome of the Action; (iv) the probability of success on the merits and the allegations made by Plaintiff, including the uncertainty relating to proof of those allegations; and (v) the desirability of permitting the Settlement to be consummated as provided by the terms of the Stipulation.

---

[3]   Section 1542 of the California Civil Code states: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

All Parties have concluded that the terms contained in the Stipulation are fair and adequate to Warner Chilcott, its stockholders, and members of the Class and that it is reasonable to settle the Action based upon the procedures and terms outlined herein and the benefits and protections offered hereby.

Warner Chilcott has denied, and continues to deny, all allegations of wrongdoing, fault, liability, or damage to Plaintiff or the Class, denies that it engaged in any wrongdoing, denies that it committed any violation of law, denies that the S-4 or any other public disclosures were in any way deficient, denies that it acted improperly in any way, believes that it acted properly at all times, believes the Action has no merit, and maintains that it has committed no violation of law whatsoever in connection with the Transaction, but wishes to settle the Action in order to, among other things, (i) eliminate the burden, inconvenience, expense, risk, and distraction of further litigation; (ii) finally put to rest and terminate all of the claims that were or could have been asserted against it; and (iii) thereby permit the Transaction to proceed without risk of injunctive or other relief.

## VI.    CLASS COUNSEL'S ATTORNEYS' FEES AND EXPENSES

After negotiating the substantive terms of the Settlement, the Parties negotiated an award of up to $325,000 for Plaintiffs' attorneys' fees and expenses (including costs, disbursements, and expert and consulting fees) in connection with the Action (the "Fee Application"), which, subject to the terms and conditions of this Stipulation and approval by the Court, will be paid to Plaintiffs' counsel, and which shall be the only fee application made in the Action. Warner Chilcott agrees not to oppose the amount sought in the Fee Application provided it does not exceed the amount set forth in the preceding sentence. The Court may consider and rule upon the fairness, reasonableness, and adequacy of the Settlement independently of any award of attorneys' fees and expenses. Neither the resolution of, nor any ruling regarding, any award of attorneys' fees and expenses shall be a precondition to the Settlement or to the dismissal with prejudice of the Action.

## VII.    CLASS ACTION DETERMINATION

The Court has ordered that, for purposes of the Settlement, the Action shall be maintained as a class action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2) with the Class defined as set forth above. Inquiries or comments about the Settlement may be directed to Class Counsel as follows:

> Brian C. Kerr
> BROWER PIVEN,
> A Professional Corporation
> 475 Park Avenue South, 33rd Floor
> New York, NY 10016

## VIII.    SETTLEMENT HEARING

The Court has scheduled a Settlement Hearing, which will be held December 2, 2014 at 11:00 a.m. Eastern Time, at the District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room MLK 5A, Newark, NJ 07101, to (i) determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate; (ii) determine whether an Order and Final Judgment should be entered in the Action pursuant to the Stipulation; (iii) hear and determine any objections to any aspect of the Settlement; (iv) consider the award to Class Counsel of attorneys' fees and expenses; and (v) rule on such other matters as the Court may deem appropriate.

The Court has reserved the right to adjourn the Settlement Hearing or any adjournment thereof, without further notice of any kind to the Class. The Court has also reserved the right to approve the Settlement at or after the Settlement Hearing with such modification(s) as may be consented to by the parties to the Stipulation and without further notice to the Class.

## IX.   REQUEST FOR EXCLUSION

If you wish to exclude yourself from the Class, you must submit a Request for Exclusion by mailing or delivering a letter or postcard to the Notice Administrator and Class Counsel at the addresses listed below.  To be effective, the Request for Exclusion must include:  (1) your name, address, telephone number, and Social Security number; (2) a clear and unequivocal statement that you wish to be excluded from the Class; (3) identification and evidence of the shares for which you seek exclusion; and (4) your signature.  The Request for Exclusion must be mailed to the Notice Administrator and Class Counsel at the following addresses and postmarked by November 18, 2014.

> Brian C. Kerr
> BROWER PIVEN,
> A Professional Corporation
> 475 Park Avenue South, 33rd Floor
> New York, NY 10016
> *Class Counsel*
>
> *Martin v. Warner Chilcott* Notice Administrator
> P.O. Box 6177
> Novato, CA  94948-6177

You cannot exclude yourself by telephone or by e-mail.

Warner Chilcott may (but are not required to) withdraw from and terminate the Settlement if putative Class members who held in excess of a certain number of shares of Warner Chilcott stock during the Class Period exclude themselves from the Class.

## X.   RIGHT TO APPEAR AND OBJECT

Any member of the Class who (1) objects to any aspect of the Settlement, the dismissal of the Action, the judgment to be entered in the Action, and/or the award of attorneys' fees and expenses to Class Counsel; or (2) otherwise wishes to be heard, may appear in person or by his or her or its attorney at the Settlement Hearing and present evidence or argument that may be proper and relevant.  If you want to do so, however, you must, not later than fourteen (14) calendar days prior to the Settlement Hearing, file with the Court, at the District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room MLK 5A, Newark, NJ 07101, the following: (1) proof of your membership in the Class, (2) a statement of your objections to any matters before the Court, and (3) the grounds thereof, if you wish to appear and be heard, as well as documents or writings you desire the Court to consider.

Also, on or before the date you file such papers, you must serve them by hand or mail upon each of the following attorneys of record:

> Brian C. Kerr
> BROWER PIVEN,
> A Professional Corporation
> 475 Park Avenue South, 33rd Floor
> New York, NY 10016
> *Class Counsel*
>
> Scott B. Luftglass
> DAVIS POLK & WARDWELL LLP
> 450 Lexington Avenue
> New York, NY 10017
> *Counsel to Warner Chilcott*

**Any Class member who does not object to the Settlement or the award of fees and expenses to Class Counsel need not do anything at this time.**

Unless the Court otherwise directs, no person will be entitled to object to the approval of the Settlement or the judgment to be entered in the Action, or otherwise to be heard, except by serving and filing written objections as described above. Any person who fails to object in the manner described above shall be deemed to have waived the right to object (including the right to appeal) and will be forever barred from raising such objection in this or any other action or proceeding.

## XI.  ORDER AND FINAL JUDGMENT OF THE COURT

If the Court determines that the Settlement is fair, reasonable, and adequate, the parties will ask the Court to enter an Order and Final Judgment, which will, among other things:

1. approve the Settlement as fair, reasonable, and adequate, pursuant to Federal Rule of Civil Procedure 23;

2. authorize and direct the performance of the Settlement in accordance with its terms and conditions and reserve jurisdiction to supervise the consummation of the Settlement provided herein; and

3. dismiss the Action with prejudice on the merits and release the Released Parties from the Released Claims.

## XII.  NOTICE TO THOSE HOLDING STOCK FOR THE BENEFIT OF OTHERS

Brokerage firms, banks, and/or other persons or entities who held shares of Warner Chilcott common stock for the benefit of others are directed promptly to send this Notice to all of their respective beneficial owners (and will be reimbursed for any reasonable expenses incurred in doing so). If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such additional copies may be made to:

*Martin v. Warner Chilcott* Notice Administrator
P.O. Box 6177
Novato, CA  94948-6177
WarnerChilcottShareholderSettlement@kccllc.com

## XIII.  SCOPE OF THE NOTICE

This Notice is not all-inclusive. The references in this Notice to the pleadings in the Action, the Stipulation, and other papers and proceedings are only summaries and do not purport to be comprehensive. For the full details of the Action, claims asserted by the parties, and the terms and conditions of the Settlement, including a complete copy of the Stipulation, members of the Class are referred to the Court files. You or your attorney may examine the Court files during regular business hours of each business day at the District Court for the District of New Jersey, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Room MLK 5A, Newark, NJ 07101.

### DO NOT WRITE OR TELEPHONE THE COURT.

Dated: July 15, 2014

Form of notice approved by Court Order Dated July 15, 2014

*Martin v. Warner Chilcott* Notice Administrator
P.O. Box 6177
Novato, CA  94948-6177

FIRST CLASS
US POSTAGE
PAID
PERMIT NO. 219
PETALUMA, CA



Control #:  WCM-00029712     29717

Postal Service:  Please do not mark barcode
MACQUARIE CAP USA
A/C RS INVESTS MGMT
CORPORATION TRUST CENTER
1209 ORANGE STREET
NEW CASTLE
WILMINGTON DE 19801-1120

WCM