IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY



| | |
|---|---|
| CLIFFORD G. MARTIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WARNER CHILCOTT PUBLIC LIMITED COMPANY, et al.,<br><br>Defendant, | Civ. No. 2:13-cv-4566<br>Hon. Esther Salas, U.S. D.J.<br>Hon. Michael A. Hammer, U.S.M.J. |

## ORDER AND FINAL JUDGMENT

A hearing having been held before this Court (the "Court") on December 2, 2014, pursuant to the Court's Order of July 15, 2014 (the "Preliminary Approval Order"), upon a Stipulation and Agreement of Compromise, Settlement, and Release, executed on April 29, 2014 (the "Stipulation"), in the above-captioned, consolidated class action (the "Action"), which Preliminary Approval Order and Stipulation are incorporated herein by reference; it appearing that due notice of said hearing was given in accordance with the aforementioned Preliminary Approval Order and that said notice was adequate and sufficient; and the parties having appeared by their attorneys of record; and the attorneys for the respective parties having been heard in support of the proposed settlement (the "Settlement") of the Action; and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the notice; and the entire matter of the Settlement having been considered by the Court,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this 2nd day of December, 2014, as follows:

1. Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Pendency and Settlement of Class Action, Settlement Hearing, and Right to Appear (the "Notice") has been given to the Class (as defined herein) pursuant to and in the manner directed by the Preliminary Approval Order; proof of the mailing of the Notice was filed with the Court; and full opportunity to be heard (and, with respect to potential members of the Class (as defined below), an opportunity to request exclusion from the Class) has been offered to all parties, the Class, and persons in interest. The form and manner of the Notice is hereby confirmed to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law, and it is further determined that, unless otherwise indicated herein, all members of the Class are bound by the Order and Final Judgment herein.

3. Based on the record in the Action, the Court reconfirms that each of the pertinent provisions of Federal Rule of Civil Procedure 23 has been satisfied, and that the Action should be properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2). Specifically, the Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are common questions of law and fact, including whether the disclosures made by Warner Chilcott in connection with the Transaction were adequate and whether Plaintiff and any members of the Class were injured as a consequence of the Warner Chilcott's actions; (c) the claims of Plaintiff are typical of the claims of the Class in that they all arise from the same allegedly wrongful course of conduct and are based on the same legal theories; and (d) Plaintiff and Class Counsel (as defined below) have fairly and adequately protected and represented the interests of the Class. Moreover, the prosecution of separate

actions by individual members of the Class would create a risk of inconsistent adjudications which would establish incompatible standards of conduct for Warner Chilcott, and, as a practical matter, the disposition of this Action will influence the disposition of any pending or future identical cases brought by other members of the Class, satisfying Rule 23(b)(1); and there were allegations that Warner Chilcott acted or refused to act on grounds generally applicable to the Class, satisfying Rule 23(b)(2).

4. The Court reconfirms that the Action is certified as a class for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), of any and all record holders and beneficial owners of ordinary shares of Warner Chilcott (which are traded on the NASDAQ) who held such shares at any time during the period beginning on February 1, 2012 through and including October 1, 2013 (the "Class Period"), including any and all of their respective successors-in-interest, successors, predecessors-in-interest, predecessors, representatives, trustees, executors, administrators, estates, heirs, assigns and transferees, immediate and remote, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, together with their predecessors in interest, predecessors, successors in interest, successors, and assigns, but excluding (a) Warner Chilcott; and (b) the persons who submitted valid and timely requests for exclusion from the Class, who are listed on Exhibit A hereto.

5. The Court reconfirms Plaintiff as the representative of the Class. The law firms Brower Piven, A Professional Corporation and Brodsky & Smith, LLC are reconfirmed as Class Counsel in the Action.

6. The Settlement is found to be fair, reasonable, and adequate, and is hereby approved pursuant to Federal Rule of Civil Procedure 23. The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

7. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment and over all parties to the Action.

8. The Action and the Released Claims are hereby dismissed on the merits with prejudice as to Warner Chilcott and against all members of the Class on the merits and, except as provided in the Stipulation, without fees or costs (except as provided below in paragraph 15).

9. Any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, agreements, judgments, decrees, matters, issues and controversies of any kind, nature or description whatsoever, whether known or unknown, disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including Unknown Claims, which Plaintiff or any or all other members of the Class ever had, now has, or may have, whether direct, derivative, individual, class, representative, legal, equitable or of any other type, or in any other capacity, based on his, her, or its ownership of Warner Chilcott ordinary shares during the Class Period, against any of the Released Parties (as defined below), whether based on state, local, foreign, federal, statutory, regulatory, common or other law or rule, which arise out of, relate in any way to, or involve any of the actions,

transactions, occurrences, statements, representations, misrepresentations, omissions, allegations, facts, practices, events, claims or any other matters, things or causes whatsoever, that have been, could have been, or in the future can or might be alleged, asserted, set forth, claimed, embraced, involved, or referred to in, or related to, the Action or the Transaction (collectively, the "Released Claims"), are individually and collectively, completely, fully, finally, and forever dismissed, released, relinquished, settled, and discharged; <u>provided, however,</u> that the Released Claims do not include the right to enforce the Stipulation or the Settlement.

10. Warner Chilcott shall and hereby does completely, fully, finally, and forever dismiss, release, relinquish, settle, and discharge Plaintiff and Class Counsel from all claims arising out of the commencement, prosecution, settlement, and resolution of the Action; provided, however, that such release does not include a release of the right to enforce the Stipulation or the Settlement.

11. "Released Parties" means, whether or not any or all of the following persons or entities were named, served with process, or appeared in the Action: (i) Warner Chilcott Public Limited Company, James H. Bloem, Roger M. Boissonneault, John P. Connaughton, Paul Herendeen, Tamar D. Howson, John A. King, Patrick J. O'Sullivan, Deutsche Bank Securities Inc., Actavis Limited, Actavis, Inc., Bank of America Merrill Lynch, and Greenhill & Co.; (ii) any person or entity which is or was related to or affiliated with any or all of the foregoing or in which any or all of them has or had a controlling interest, and which is or was involved in the Transaction; and (iii) the respective past or present family members, spouses, heirs, trusts, trustees, executors, estates, administrators, beneficiaries, distributees, foundations, agents, employees, fiduciaries, partners, control persons, partnerships, general or limited partners or partnerships, joint ventures, member firms, limited liability companies, corporations, parents,

subsidiaries, divisions, affiliates, associated entities, shareholders, principals, officers, managers, directors, managing directors, members, managing members, managing agents, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, financial or investment advisors, advisors, consultants, investment bankers, entities providing any fairness opinion, underwriters, brokers, dealers, lenders, commercial bankers, attorneys, personal or legal representatives, accountants, insurers, co-insurers, reinsurers, and associates, of each and all of the foregoing.

12. The releases include any and all Unknown Claims. Plaintiff and each and every member of the Class shall be deemed to have expressly waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under any law of the United States or any state or territory of the United States, or principle of common law or foreign law, which may have the effect of limiting the Releases. In particular, Plaintiff and each and every member of the Class shall be deemed by operation of law to have waived, relinquished, and released, to the fullest extent permitted by law, the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiff and each and every member of the Class shall be deemed to have waived, relinquished, and released, to the extent they are applicable, and to the fullest extent permitted by law, the provisions, rights, and benefits of any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code. The parties to the Stipulation acknowledged, and the members of the Class by operation of law shall be deemed to have acknowledged, that the inclusion of Unknown

Claims in the definition of Released Claims was separately bargained for and was a material element of the Settlement, and was relied upon by each and all of the parties in entering into the Settlement.

13. Plaintiff and each and every member of the Class are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, the Released Claims that are released pursuant to this Order and Final Judgment or under the Stipulation.

14. Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the MOU, the Stipulation, or the Settlement (i) is or may be deemed to be or may be used as an admission of, concession of, or evidence of, the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants; (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (iii) is or may be alleged or mentioned so as to contravene clause (i) above in any litigation or other action unrelated to the enforcement of the Stipulation. Notwithstanding the foregoing, any of the Released Parties may file the Stipulation or any judgment or order of the Court related hereto, in any action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

15. Class Counsel are hereby awarded attorneys' fees and expenses in the total amount of $325,000, which sum the Court finds to be fair and reasonable, and which shall be paid to Class Counsel in accordance with the terms of the Stipulation.

16. The effectiveness of the Order and Final Judgment and the obligations of Plaintiff, Class Counsel, the Class, and Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of attorneys' fees and expenses.

17. The Court further orders, adjudges, and decrees that all other relief be, and is hereby, denied, and that this Order and Final Judgment disposes of all the claims and all the parties in the above-styled and numbered action.

18. Without affecting the finality of this Order and Final Judgment in any way, this Court retains jurisdiction over all matters relating to the administration and consummation of the Settlement and all parties hereto for the purpose of construing, enforcing, and administering the Settlement.

19. All parties shall bear their respective attorneys' fees, costs, and other expenses consistent with the provisions set forth herein.

Dated: December 2, 2014

_____
Honorable Esther Salas, U.S.D.J.

# EXHIBIT A
## WARNER CHILCOTT: LIST OF EXCLUSIONS

|   | **Name** | **City** | **St** | **Country** | **Zip** |
|---|---|---|---|---|---|
| 1 | Jolayne E. LaCour | Aubrey | TX | US | 76227 |
| 2 | Joaquin J. Aguilar and Consuelo M. Aguilar Revocable Trust | Grass Valley | CA | US | 95945 |
| 3 | Sharon D. Wright | Montgomery | TX | US | 77316 |
| 4 | Hazel B. Linder | Wichita | KS | US | 67204 |
| 5 | Barbara Haus | The Villages | FL | US | 32162 |
| 6 | Lasser Hochman Employees Profit Sharing Plan | Roseland | NJ | US | 07068 |
| 7 | Danielle R. Luff | Ramsey | NJ | US | 07446 |